**In the Matter of MAGIC RESTAURANTS, INC., et al., Debtors.**

**BOWIE PRODUCE CO., INC., Plaintiff,**

v.

**MAGIC AMERICAN CAFE, INC., and Magic Restaurants, Inc., Defendants.**

**Bankruptcy Nos. 95–376 to 95–392. Adversary No. A–95–42.**

United States Bankruptcy Court, D. Delaware.

Jan. 15, 1997.

See also: 202 B.R. 24.

Mark Minuti of Saul, Ewing, Remick & Saul, Wilmington, DE, Stephen P. McCarron of McCarron & Associates, Washington, DC, for Plaintiff.

Laura Davis Jones of Young, Conaway, Stargatt & Taylor, Wilmington, DE, John A. Lee of Andrews & Kurth, LLP, New York City, for Defendants.

### ORDER

HELEN S. BALICK, Chief Judge.

1. The plaintiff Bowie Produce Inc. filed a motion for summary judgment. The motion alleges that:

a. Bowie is a creditor of the defendant, Magic American Cafe, Inc. and Magic Restaurants, Inc. ("Magic").

b. Bowie is a beneficiary of the trust that Magic was required to establish under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(2) in the amount of $98,983.74. This section states in part:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers ... until full payment of the sums owing in connection with such transactions has been received....

c. Bowie preserved its trust rights under PACA, by timely filing the requisite notices of intent to preserve trust benefits with the secretary of agriculture and serving Magic with copies.

d. PACA trust assets are required to be paid to Bowie outside the distribution contemplated under the Plan of Reorganization.

■ 2. In considering Bowie's motion for summary judgment, the court will view the record and the inferences therefrom in a light most favorable to Magic. *Hon v. Stroh Brewery Co.*, 835 F.2d 510, 512 (3d Cir.1987). If the record shows no genuine issue as to any material fact, and that Bowie is entitled to judgment as a matter of law, then summary judgment shall be granted. Fed. R.Bankr.P. 7056(c).

■ 3. With its motion for summary judgment, Bowie submitted copies of the notices of intent that were filed with the secretary of agriculture to preserve trust benefits. The notices of intent include invoices that Magic owed Bowie. Bowie asserts that these notices and invoices show that it preserved its trust rights under PACA, and that Magic owes Bowie $98,983.74.

4. As to invoices which total $93,173.29, Magic does not dispute that Bowie preserved its trust rights under PACA and is due a payment.

5. Magic does dispute that Bowie preserved its trust rights under PACA in the remaining 27 invoices, which total $5,810.45, for the following reasons. Magic filed schedules of assets and liabilities with this court. Docket No. 206. Schedule F of assets and liabilities lists invoices Magic acknowledges were owing at the petition date. The invoices that Bowie asserts are owing and that total $5,810.45 were not listed on Magic's schedules. Thus, Magic argues that summary judgment should be denied because the differences between the invoices submitted by Bowie and Magic's schedules show that there are genuine issues of material fact.

6. Bowie argues that merely noting that certain invoices do not appear on schedule F is insufficient to create a genuine dispute of fact without an affidavit by a knowledgeable person explaining that the books were reviewed and these invoices are not due.

7. The question to be decided is whether the schedules of assets and liabilities submitted to the court are sufficient to show an issue of material fact and thus preclude summary judgment in Bowie's favor as to the $5,810.45 amount. Bankruptcy Rule 7056 sets out the type of evidence allowed when considering a motion for summary judgment. Rule 7056(c) provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material fact and that the moving par-

ty is entitled to a judgment as a matter of law.

8. Schedule F, the specific schedule referred to by Magic, was filed as a part of the debtors' schedules of assets and liabilities as required by Bankruptcy Rule 1007(b)(1) which states that "the debtor, unless the court orders otherwise, shall file schedules of assets and liabilities...."

9. In addition, an affidavit by Steve R. Jakubowski, Chief Operation Officer of Magic Restaurant Inc. was submitted with the schedules. This affidavit states that "I, the Chief Operating Officer of the corporation ... named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules ..., and that they are true and correct to the best of my knowledge, information, and belief." Under Rule 7056, therefore, the schedule coupled with the affidavit may be considered together in this motion for summary judgment.

10. Therefore, there is a genuine issue of material fact as to whether the 27 invoices, which total $5,810.45, are unpaid.[1]

11. Bowie has preserved its right under PACA for the amount of $93,173.29 and therefore summary judgment is **GRANTED** as to the invoices totaling this amount. Summary judgment is **DENIED** as to the remaining invoices, which total $5,810.45.

---

**1.** The following are the invoices in dispute: A268562, A268981, A273984, A274799, A304891, A304981, A304733, A304762, A304829, A304884, A305055, A305067, A305039, A305065, A305110, A305184, A305064, A305165, A305332, A305481, A305558, A305420, A305391, A305437, A305383, A305341 and A287102.